UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCHREE R. WADE, a married person,<br><br>                    Plaintiff,<br>        v.<br><br>PREMERA BLUE CROSS, a corporation, and KERRY LUCIANI, an individual<br><br>                    Defendant. | NO:  CV-10-217-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND |

**INTRODUCTION**

Before the Court are the Plaintiff's Motion to Amend Complaint, ECF No. 36, Motion for Remand, ECF No. 58, and Motion to Expedite, ECF No. 55.  The Court has reviewed all of the relevant pleadings and the file and is fully informed.

**BACKGROUND**

The Plaintiff, Schree R. Wade, filed her complaint in Spokane County Superior Court on June 7, 2010.  ECF No. 1 at 7-15.  Defendant Premera Blue Cross ("Premera") removed the action to this Court on July 13, 2010.  ECF No. 1.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 1

1    The Court has entered three scheduling orders in this case with the most

2  recent scheduling order containing a discovery deadline of June 10, 2011, and a

3  dispositive motion deadline of June 22, 2011.  ECF Nos. 16, 26.

4    On June 10, 2011, the Plaintiff filed the instant Motion to Amend

5  Complaint, ECF No. 36.  The Plaintiff moved to expedite the hearing on that

6  motion, but the Court denied the Motion to Expedite due to the jurisdictional

7  consequence of amendment.  ECF No. 45.

8    On June 22, 2011, the Defendants filed a Motion for Summary Judgment.

9  ECF No. 40.  On July 6, 2011, the Plaintiff filed the instant Motion for Remand,

10  ECF No. 58, and Motion to Expedite, ECF No. 55.

11                              **DISCUSSION**

12  **Motion to Amend Complaint**

13    The Plaintiff seeks leave to amend her complaint arguing that such an

14  amendment is necessary to limit her claims following discovery.  ECF No. 37 at 2.

15  The Plaintiff has attached a proposed amended complaint in which she eliminates

16  all of her claims for wrongful discharge and modifies her claim for discrimination.

17  *Compare* ECF No. 1 at 7-15 *with* ECF No. 37-1.  The Defendants only partially

18  oppose the Plaintiff's motion.  ECF No. 46.  While the Defendants agree with the

19  Plaintiff's decision to eliminate her wrongful discharge claims, the Defendants take

20  issue with the Plaintiff's amendment of her discrimination claim.  ECF No. 46 at 2.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND
DENYING PLAINTIFF'S MOTION FOR REMAND ~ 2

1    The Defendants suggest that the Court either should dismiss the wrongful

2    termination claims and leave the remainder of the complaint intact, or only

3    partially grant leave to amend and limit amendment to the Plaintiff's wrongful

4    discharge claims.

5          Typically, amendment of a pleading is governed by Rule 15.  *See* Fed. R.

6    Civ. P. 15.  Rule 15 provides for a single amendment as a matter of course if such

7    amendment is within twenty-one days of service of the original complaint, or, if

8    the pleading requires a response, twenty-one days from service of that response or

9    service of a motion under Rule 12(b) or 12(f).  Fed. R. Civ. P. 15(a)(1)(A)-(B).  "In

10   all other cases, a party may amend its pleading only with the opposing party's

11   written consent or the court's leave.  The court should freely give leave when

12   justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15 prescribes a liberal

13   standard.  *AmerisourceBergen Corp. v. Dailysist West, Inc.*, 465 F.3d 946, 951 (9th

14   Cir. 2006).  "But a district court need not grant leave to amend where the

15   amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3)

16   produces an undue delay in litigation; or (4) is futile."  *Id.*

17          Both parties appear to agree that amendment is warranted with regard to the

18   wrongful discharge claims.  Additionally, limiting the existing claims will promote

19   efficient use of the Court's time.  Accordingly, the Court finds that the interests of

20   the justice support granting the Plaintiff's motion for leave to amend.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND
DENYING PLAINTIFF'S MOTION FOR REMAND ~ 3

1    The Defendants assert that the Court should take a different tack.  The

2    Defendants are concerned with this Court's retaining jurisdiction.  The proposed

3    amended complaint does not contain any federal causes of action, and the parties

4    are not fully diverse.  While the Defendants agree with the Plaintiff's decision not

5    to pursue her wrongful discharge claims, the Defendants take issue with the

6    Plaintiff's proposed amendment of her discrimination claims.  The Defendants

7    argue that the main reason behind Plaintiff's proposal to amend her discrimination

8    claims is to position the case for remand because the state and federal

9    discrimination causes require similar factual showings.  ECF No. 46 at 2.  The

10   Defendants request that instead of granting the Plaintiff's motion for leave to

11   amend wholesale, the Court should simply dismiss the Plaintiff's wrongful

12   discharge claims and keep the remainder of the complaint intact or that the Court

13   should grant leave to amend in part and allow only the amendment of the

14   Plaintiff's wrongful discharge claims while barring the Plaintiff from amending her

15   discrimination claims.

16       The Court is not adopting either of the Defendants' suggestions.  The

17   Plaintiff has not moved for a voluntary dismissal of any of her claims, nor have the

18   Defendants brought a motion to dismiss the wrongful discharge claims.  Instead,

19   the Plaintiff seeks to file a new complaint that identifies the causes of action on

20   which she wishes to proceed.  The Defendants cite to no authority identifying

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND
DENYING PLAINTIFF'S MOTION FOR REMAND ~ 4

selective dismissal as a remedy available for a motion for leave to amend complaint.

Similarly, the Defendants have not identified any authority that would allow the Court to dictate what claims the Plaintiff may choose to omit in her amended complaint. It is true that a district court may impose "'reasonable conditions' on a grant of leave to amend a complaint," *Int'l Ass'n of Machinists and Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) (quoting *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980)). While such conditions may include compensation for losses or expenses incurred as a result of the original complaint's deficiencies, *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965), or a time limit for the filing of an amended complaint, *E.g. Rossi v. McCloskey & Co.*, 149 F. Supp. 638, 641 (D.C. Pa. 1957), the Court does not find that is appropriate to grant leave for a plaintiff to amend his or her complaint to remove certain claims and then dictate which claims are appropriate for the Plaintiff to remove.

The Court will grant the Plaintiff's motion to amend the complaint and allow the Plaintiff to file her proposed amended complaint as drafted.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 5

**Motion for Remand**

A plaintiff may seek remand of a removed action based on any defect in the removal, including lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). If a district court lacks subject matter jurisdiction over a removed action, then the district court must remand that action. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992)).

For the purposes of removal, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta*, 159 F.3d at 1213 (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991)). Accordingly, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Id.*

If an amendment to a complaint eliminates the federal claims that formed the basis for removal and leaves only pendent state law claims, the district court has discretion to remand the pendent state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). "A district court's decision whether to exercise [pendent jurisdiction over state-law claims] after dismissing every claim over

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 6

which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) (citing 28 U.S.C. § 1367(c)). "[A] district court should consider "the values of judicial economy, convenience, fairness and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Cohill*, 484 U.S. at 350. A district court can and should consider whether the plaintiff has attempted to manipulate the forum when the court decides whether remand is appropriate. *Id.* at 357.

In this case, the Plaintiff's original complaint provided federal question subject matter jurisdiction. However, in her proposed amended complaint, the Plaintiff has removed all of her federal claims. While such amendment does not compel remand, the Court has the discretion to remand the case or retain pendent jurisdiction. *See id.* In light of the Court's conclusion to accept the proposed amended complaint for filing, the Court must balance the factors and determine whether remand is appropriate. The Court is mindful of the fact that "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Verian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Cohill*, 484 U.S. at 350 n.7). However, a review of the factors in this case reveals that retention is appropriate.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 7

Judicial economy is the essential policy behind the modern doctrine of pendent jurisdiction. *Graf v. Elgin, J. & E. Ry.*, 790 F.2d 1341, 1347-48 (7th Cir. 1986), *cited with approval in Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991). In determining whether judicial economy supports retention or remand, the district court should consider "whether enough resources have been expended" to warrant retention. *Schneider*, 938 F.2d at 994. "'The district court, of course, has the discretion to determine whether *its* investment of judicial energy justifies retention of jurisdiction.'" *Id.* (quoting *Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir. 1986)).

This case has been pending for more than one year. During that time, the Court has issued five orders, ECF Nos. 12, 16, 26, 44, 45. While none of those orders has addressed the Plaintiff's substantive claims, the Defendants' summary judgment motion is currently pending and has been fully briefed by both parties. The resources that have been invested in this case are significant.

The value of comity weighs in favor of remand. The only remaining claims are Washington law claims. Although the Washington court system has an interest in enforcing and interpreting its own laws, none of the present claims raises novel issues..

The convenience of the parties does not weigh in favor of either outcome. Both the Spokane County Superior Court and this Court are located in the City of

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 8

Spokane and will be equally convenient to the parties.  In addition, both tribunals will provide a fair forum for litigation.

The Defendants argue that the Plaintiff's amendments are a calculated attempt at forum shopping that will delay the action, resurrect the Plaintiff's ability to seek a jury trial, and avoid resolution of this case on the pending motion for summary judgment.  ECF No. 77 at 8.  The Court finds that these factors provide a convincing basis for retaining jurisdiction.

There is strong circumstantial evidence to support the Defendants' contention that the Plaintiff's motion for leave to amend was based on a desire to manipulate the forum.  The Defendants do not take issue with the Plaintiff's decision to remove her claims for wrongful discharge, and  the Plaintiff's proposed amended complaint removes both federal and state-law claims for wrongful discharge.  *See* ECF No. 1 at 11-12.  Instead, the Defendants  focus on the Plaintiff's changing claims for discrimination.  In her original complaint, the Plaintiff's claims for discrimination read as follows:

**4.2. Second Cause of Action – Discrimination**

4.2.1.  Plaintiff reasserts and realleges paragraphs 1.1 through 4.1.3.6 and incorporates the same herein.

4.2.2.  The wrongful acts and omissions of the Defendants, and each of them, constitute discriminatory violations of Washington State laws RCW 49.60, *et seq.*, and federal anti-discrimination statutes, including but not limited to, the American (sic) with Disabilities Act.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 9

        4.2.3.   The Defendants, and each them (sic), also violated the American (sic) with Disabilities Act by not reasonably accommodating the Plaintiff as requested by her medical provider.

ECF No. 1 at 12.

        In her proposed amended complaint, the claims for discrimination read:

**4.1 First Cause of Action- Discrimination**

        **4.1.1** Plaintiff reasserts and realleges paragraphs 1.1 through 3.19 and incorporates the same herein.

        **4.1.2** The wrongful acts and omissions of the Defendants, and each of them, constitute discriminatory violations of Washington State laws RCW 49.60, et seq.

        **4.1.3** The Defendants, and each them (sic), also failed and refused to provide Plaintiff with reasonable accommodation in her work place as requested by her medical provider, in violation of state law.

ECF No. 37-1 at 5.

        It is readily apparent that the amendments to the complaint remove any references to the Americans with Disabilities Act ("ADA").  What is most striking is the removal of the ADA claim for failure to make reasonable accommodation. In order to establish a prima facie case under the ADA that an employer failed to reasonable accommodate a disability, a plaintiff must demonstrate that: "(1) he [or she] is disabled within the meaning of the ADA; (2) he [or she] is a qualified individual able to perform the essential functions of the job with reasonable

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 10

accommodation; and (3) he [or she] suffered an adverse employment action because of his [or her] disability." *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1996). One of the definitions of disability under the ADA is "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).

In order to establish a claim for failure to reasonably accommodate a disability under Washington law, a plaintiff must show:

> (1) he or she had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) he or she was qualified to do the job; (3) he or she gave the employer notice of the abnormality and its substantial limitations; and (4) after notice, the employer failed to adopt available measures that were medically necessary to accommodate the abnormality.

*Becker v. Cashman*, 128 Wn. App. 79, 84 (2005) (citing *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 145 (2004)).

While there is not a perfect overlap between the ADA and Washington law, the showings required to establish claims under the ADA and Washington law for failure to accommodate a disability are strikingly similar. The fact that the claims require similar showings suggests that the Plaintiff's decision to eliminate her claim under the ADA may have been motivated by a desire to seek remand rather than because the claim was no longer viable.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 11

This conclusion is buttressed by the timing of the motions for amendment and remand.  The motion to amend complaint, ECF No. 36, was filed on June 10, 2011, the day discovery closed.  The motion was filed after Premera filed its motion to file an over-length brief in support of its motion for summary judgment.  The motion to remand, ECF No. 58, was filed after the motion for summary judgment had been filed.

When all of the factors are taken together, the Court concludes that the appropriate course of action is to retain jurisdiction.  The Defendants' motion for summary judgment has been noted for hearing in the near future.   Retaining jurisdiction ensures fairness in the proceedings and does not offend notions of comity or convenience.

## CONCLUSION

The Court finds that the ends of justice are best served by granting the Plaintiff leave to amend her complaint.  However, despite the fact that the proposed amended complaint fails to allege a cause of action under federal law, the Court concludes that the interests of judicial economy, convenience, fairness, and comity support this Court's retention of jurisdiction.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Plaintiff's Motion to Amend Complaint, **ECF No. 36**, is

    **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND
DENYING PLAINTIFF'S MOTION FOR REMAND ~ 12

2.  The Plaintiff shall file her First Amended Complaint no later than **10 days** from the entry of this Order.

3.  The Plaintiff's Motion to Expedite, **ECF No. 55**, is **DENIED AS MOOT**.

4.  The Plaintiff's Motion to Remand, **ECF No. 58**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 29th of August 2011.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND ~ 13